UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **KEREL L. SEABROOKS,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0345 AS |
| | ) | |
| **STEVE CARTER, Indiana Attorney General,** | ) ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

At the outset, this court has a very considerable worriment as to whether Steve Carter as Attorney General of Indiana is an appropriate respondent here. It does not appear that he is. In times past, this court has been rather specifically instructed by the Court of Appeals to raise this issue and resolve it. Although it is a technical one, it appears to be of some importance and this petitioner appears to be incarcerated and housed outside of the State of Indiana, which may or may not make the Attorney General of Indiana the appropriate respondent. In the interest of moving things along, this court will proceed with an appropriate disposition of this case.

This petitioner was sentenced in 2003 in St. Joseph County, Indiana to an 180-year sentence for three counts of murder. Before he starts that sentence, apparently he has to complete a sentence in Michigan. The Court of Appeals of Indiana in a published opinion dealt with this subject in *State v. Seabrooks*, 803 N.E. 2d 1190 (Ind. App. 2004), and

certainly the findings of the second highest court in the State of Indiana are entitled to a presumption of correctness by clear and convincing evidence under 28 U.S.C. §2254(e)(1). The petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence, which he has failed to do here.

It is also of some small moment that the decision of the Court of Appeals of Indiana above described was not the subject of any effort to seek transfer to the Supreme Court of Indiana, which may or may not present problems under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). This petitioner is entitled to the benefits of *Houston v. Lack,* 487 U.S. 266 (1988), but it is doubtful if that will help him much.

The Attorney General of Indiana argues for the exhaustion of state remedies, citing *Duckworth v. Serrano*, 454 U.S. 1 (1981), and *Picard v. Connor*, 404 U.S. 270 (1971), as well as *Farrell v. Lane*, 939 F.2d 409 (7th Cir. 1991), *cert. denied*, 502 U.S. 944 (1992). The argument is advanced that there are issues presented here for the first time that were not fairly presented to the courts in Indiana. That is fairly old judicial line, but it remains.

In the interest of great caution, the petition is **DENIED WITHOUT PREJUDICE**.
**IT IS SO ORDERED**.

**DATED:** March 1, 2006

                                              **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**